UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ENVTECH, INC., a Nevada Corporation,

    Plaintiff,

vs.

WLODZIMIERZ JAN LITWIN,

    Defendant.

Case No. 3:19-cv-00146-RCJ-CBC

**ORDER**

Defendant moves for relief from the Clerk's entry of default, (ECF No. 16), claiming that he was incapable of timely responding to the complaint because of medical complications. The Court denies Defendant's motion because he has not presented a meritorious defense and engaged in culpable conduct that led to the entry of default.

**FACTUAL BACKGROUND**

In March 2019, Plaintiff initiated this case claiming trademark infringement and unauthorized commercial use. (ECF No. 1.) Plaintiff claims that Defendant used a trademark ("ETE ENV-TECH EUROPE CHEMICAL") substantially similar to its own ("ENVTECH").

Plaintiff executed service in April. In May, Mr. Timothy T. Huber, an attorney who is not licensed to practice in Nevada, negotiated with Plaintiff to allow Defendant to respond to the

complaint by the end of July because Plaintiff was supposedly on a business trip in Europe. (ECF No. 21 Ex. 3). Mr. Huber claimed he "only represents Defendant for the limited purpose of accepting service" and "Defendant plans to represent himself pro per in this action." (*Id.*) However, he has certified to serving two of Defendant's briefs on Plaintiff. (ECF Nos. 22 and 23.)

During negotiations, Plaintiff moved to quash service by filing two letters/motions, (ECF Nos. 7 and 9), which the Court denied, (ECF No. 13). Despite counsel negotiating and serving documents on Plaintiff's behalf, Defendant has submitted all of his filings pro se and there is no appearance from counsel on the docket. And despite their agreement, Defendant did not file any other response by September. Consequently, Plaintiff moved for the entry of default, (ECF No. 15), which the Clerk entered, (ECF No. 16).

In November, Defendant filed an answer, (ECF No. 19), and a motion seeking relief from default, (ECF No. 18). In the motion, he asserts that he was incapable of filing a timely answer because of complications stemming from a brain tumor, which he claims he received a diagnosis of in April 2019. (*See, e.g.*, ECF No. 18 Ex. 1 at ¶ 6 ("[T]he tumor prevents me from having logical thinking and from focusing on deadlines, such as the deadline to respond to this complaint.").) He further claims that he has a meritorious defense because he vaguely alleges that his use "preceded Plaintiff's filing for [the] trademark." (ECF No. 18 at 2:4–7; *accord* ECF No. 18 Ex. 1 at ¶ 9).

After Plaintiff timely responded to this motion, (ECF No. 21), Defendant filed two replies: the first was filed a month after the response, (ECF No. 22), and the second was filed nearly a month after that, (ECF No. 23). Defendant did not ask for leave of the Court to file these briefs late or to file the supplemental brief. Plaintiff moved to file a sur-reply to address new arguments and evidence that Defendant first raised in these replies, (ECF No. 24), which the Court granted, (ECF No. 25). In this brief, Plaintiff requests that the Court disregard these filings as violative of the Local Rules. (ECF No. 26 at 7:5–10.)

## LEGAL STANDARD

"[T]he court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). In making the determination of good cause, a court should consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether he has no meritorious defense; and (3) whether setting the default aside would prejudice the other party. *Franchise Holding II v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925–26 (9th Cir. 2004). While "judgment by default is a drastic step appropriate only in extreme circumstances," *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984), "a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default," *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).

## ANALYSIS

Initially, the Court strikes Defendant's replies. *See* LR IA 10-1(d) (permitting the Court to strike any document which does not comply with the Local Rules). Defendant filed his first reply brief thirty days after service of the response and his supplemental brief twenty-seven days after that. As replies are due within seven days of service, LR 7-2(b), these filings are untimely. Additionally, the filing of a supplemental brief requires the Court's leave, LR 7-2(g), which Defendant did not seek in filing his supplemental reply.

Turning to the merits of the motion, the Court finds that the first two factors favor its denial but not the third. First, Defendant engaged in culpable conduct that led to the default. A "defendant's conduct [is] culpable . . . where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 698 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001). Such conduct occurs when a defendant "has received actual or constructive notice of the filing of the action and intentionally failed to answer." *Id.* at 697.

Here, the record belies Defendant's claim that his alleged brain tumor prevented him from understanding the severity of the case. He has demonstrated awareness by seeking help from counsel, who engaged in negotiations on Defendant's behalf, (ECF No. 21 Ex. 3), and has continued to serve Defendant's briefs on Plaintiff, (ECF Nos. 22, 23). Further demonstrating Plaintiff's awareness and ability to respond to this case, he filed two letters/motions seeking to quash service. (ECF Nos. 7 and 9.) Despite Defendant's consultation with counsel and successful negotiations with Plaintiff to allow him through July to respond to the complaint, Defendant did not file an answer with this Court until November. Thus, the Court finds that Defendant engaged in culpable conduct that led to the entry of default, which favors denying the motion.

Second, Defendant has not presented a meritorious defense. "A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense."[1] *Mesle*, 615 F.3d at 1094 (quoting *TCI*, 244 F.3d at 700). This is a low burden because a court assumes the veracity of a defendant's allegations. *Id.* Nonetheless, "[a] 'mere general denial without facts to support it' is not enough to justify vacating a default." *Franchise Holding II, LLC.*, 375 F.3d at 926 (quoting *Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir. 1969)).

In his motion, Defendant only raises the prior use defense, alleging that the use of his trademark predates Plaintiff's filing for its trademark. (ECF No. 18 at 2:4–7.) This defense requires that Defendant adopted and used the mark in commerce prior to Plaintiff's registration in such a manner that sufficiently associated the mark with his services and that his use of the marks was continuous and not interrupted. *Dep't of Parks & Recreation for State of California v. Bazaar Del Mundo Inc.*, 448 F.3d 1118, 1126 (9th Cir. 2006). Defendant "cannot rely on a few instances of use of the mark[] in the distant past that were 'casual' or had 'little importance.'" *Id.* (quoting *Menendez v. Holt*, 128 U.S. 514, 521 (1888)).

---

[1] The Ninth Circuit applies the same test to set aside a default judgment. *Mesle*, 615 F.3d at 1091.

Without further description, Defendant baldly states that he started using his mark with his business since 2005 and that Plaintiff filed his mark in 2015. These general allegations fail to state the defense because Defendant provides no details of his purported use—thereby failing to allege facts that show a sufficient, continuous, and uninterrupted use of his mark. Therefore, Defendant has not properly stated a meritorious defense, also favoring denial of his motion.

Lastly, Plaintiff claims that setting aside default will prejudice it on two accounts—both are insufficient. First, Plaintiff points to further litigation costs and time, but the Ninth Circuit has held such concerns are insufficient. *Mesle*, 615 F.3d at 1095. Second, it claims Defendant's conduct, as alleged in the complaint, will harm Plaintiff's business reputation; however, Plaintiff has not explained how the entry of default protects it from Defendant's alleged actions. Thus, the court finds a lack of prejudice to Plaintiff, which favors granting Defendant's motion.

In sum, the Court finds that Defendant engaged in culpable conduct that led to the entry of default and failed to present a meritorious defense. Either one is a sufficient ground to deny a motion requesting relief from default. *Mesle*, 615 F.3d at 1091. Accordingly, the Court denies Defendant's motion.

///

///

///

///

///

///

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that Defendant's Motion for Relief from Default (ECF No. 18) is DENIED.

IT IS FURTHER ORDERED that Defendant's Reply (ECF No. 22) is STRICKEN.

IT IS FURTHER ORDERED that Defendant's Supplemental Reply (ECF No. 23) is STRICKEN.

IT IS SO ORDERED.

Dated July 8, 2020.

_____
ROBERT C. JONES
United States District Judge