UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ENVTECH, INC., a Nevada Corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> WLODZIMIERZ JAN LITWIN, ) <br> ) <br> Defendant. ) <br> ) | 3:19-cv-00146-RCJ-CLB <br><br> ORDER |

Plaintiff brought this case against Defendant claiming that he infringed upon its trademark in violation of 15 U.S.C. § 1114 and for unauthorized commercial use in violation of Nev. Rev. Stat. § 597.810. This Court has previously issued default against Defendant (ECF No. 16), denied a motion to set aside default (ECF No. 27), and denied a motion to reconsider that order (ECF No. 36). Presently, Plaintiff moves for the entry of judgment seeking a permanent injunction, attorney fees, and litigation costs. (ECF No. 37.) Defendant has responded (ECF No. 40), and Plaintiff replied (ECF No. 43). For the following reasons, the Court grants the motion.

**FACTUAL BACKGROUND**

The Complaint, (ECF No. 1), alleges the following pertinent facts: Plaintiff is a Nevada corporation that was founded in 1991. Defendant was an associate with Plaintiff from 2001 to

2003. Plaintiff owns the mark "ENVTECH" under USPTO Registration No. 4907353. Defendant applied for an Employer Identification Number ("EIN") from the Internal Revenue Service ("IRS") in the company name: ETE ENV-TECH EUROPE CHEMICAL and claiming an office location in Reno, Nevada. On November 2, 2015, the Internal Revenue Service granted Defendant an EIN for ETE ENV-TECH EUROPE CHEMICAL.

Defendant is not a shareholder of Plaintiff and has not been affiliated with Plaintiff for over a decade. Other than Defendant's brief association with Plaintiff, Plaintiff never authorized Defendant to use Plaintiff's tradename or mark in commerce, to allege part ownership of Plaintiff, or to use a substantially similar tradename in commerce.

On October 31, 2016, Defendant was sued by Derek Chabrowski for fraud, embezzlement, and civil conspiracy. During his testimony at trial, Defendant represented that he was an owner of Plaintiff, that he rented an office in Nevada on behalf of Plaintiff, that he used Plaintiff's trademark and tradename in commerce, and that he owned Plaintiff's patents.

Defendant testified to the following:

**Question:** Now, you also said that you have a business in Nevada, a chemical cleaning company. I think you said EnvTech Chemical -- Europe Chemical Cleaning. Is that roughly about correct?

**Answer:** Yes.

**Question:** It's an office; is that right?

**Answer:** Yes.

**Question:** Okay. Are you paying any money for that office, rent, or did you buy it cash?

**Answer:** Yes.

**Question:** You also said that there were -- that you had some patents worth millions of dollars or a million dollars; is that right? I'm just asking if you - if you said that, if you said that or not?

**Answer:** I have a patent on that.

**Question:** You stated that you're the owner of EnvTech, Inc. before; is that right?

**Answer:** Yes. And I am the owner to this day.

**Question:** And you're still the owner, okay.

**Answer:** 10 percent.

**Question:** What is the address of that website? Or the name, at least?

**Answer:** Ww.ETEEnvTechEuropeChemicalCleaning.

**Question:** Do you have any bank accounts in Nevada?

**Answer:** Yes.

**Question:** And what do you ship to your business in Nevada?

**Answer:** The way this works, when you're - have a chemical cleaning, you can't – I can't ship anything there because you have to use the chemicals that are allowed by the country. So I don't-that would be in Europe. I would not- I don't need any warehouse or anything. I just need an office.

**Question:** Just going back, this was a 25,000 - it was a $20,000 withdrawal, a $25,000 wireout, international wire out?

**Answer:** Yes.

**Question:** Did this money go to the Czech Republic to EnvTech Company?

**Answer:** Yes.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) permits a plaintiff to obtain default judgment if the clerk previously entered default based on a defendant's failure to defend. After entry of default, the complaint's factual allegations are taken as true, except those relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). "However, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). The court may require a plaintiff to provide additional proof of facts or damages in order to ensure that the requested relief is appropriate. *LHF Prods., Inc. v. Boughton*, 299 F. Supp. 3d 1104, 1113 (D. Nev.

2017). Whether to grant a motion for default judgment under Rule 55(b)(2) is a matter of discretion to a court. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). The Ninth Circuit has pointed to seven factors that a court should consider it making this determination:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471–72.

## ANALYSIS

### 1. The Possibility of Prejudice to the Plaintiff

The first *Eitel* factor weighs in favor of granting default judgment against Defendant. Plaintiff sent Defendant numerous communications about this case only to have him not timely respond for several months in violation of their agreement. Plaintiff claims that Defendant is continuing to use its trademark in commerce, exacerbating Plaintiff's injury.

### 2. The Merits of Plaintiff's Substantive Claim and the Sufficiency of the Complaint

The second and third *Eitel* factors require Plaintiff to demonstrate that it has stated a claim on which it may recover. Defendant provides two arguments to this point. First, he claims that according to the Complaint, only Defendant's company is allegedly in violation of Plaintiff's trademark—not Defendant himself and there are no facts showing that Defendant is the alter ego of the company. This is incorrect. The allegations are directed towards Defendant himself. Defendant started the company under the name ETE ENV-TECH EUROPE CHEMICAL and acquired an EIN from the IRS for that company in 2015. Further, Defendant is claiming to be a representative and part owner of Plaintiff, recently swearing to such under oath in another case. These allegations go towards Plaintiff's personal actions apart from that of his company.

///

Defendant next argues that Plaintiff is not permitted to recover attorney fees and litigation costs. For trademark infringement, 15 U.S.C. § 1117(a) allows for the recovery of attorney fees "in exceptional cases." Exceptional circumstances can be found when the non-prevailing party's case "is groundless, unreasonable, vexatious, or pursued in bad faith." *Interstellar Starship Servs., Ltd. v. Epix Inc.*, 184 F.3d 1107, 1112 (9th Cir. 1999). Here, the Court has previously found that Defendant engaged in culpable conduct that led to the default, which is where much of the litigation in this case has centered. As such, the Court finds that attorney fees may be awarded. This is especially reasonable in light of the fact that Plaintiff is willing to forego a damages award and settle for the injunction, attorney fees, and litigation costs.

### 3. The Sum of Money at Stake in the Action

The sum-of-money factor requires the Court to consider "the amount of money at stake in relation to the seriousness of defendant's conduct." *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1071 (D. Ariz. 2006). As Plaintiff is foregoing a damages award, the amount of money at issue in this case is only $35,245.75, representing the requested attorney fees and litigation costs award. As Plaintiff concedes a further damages award, the Court finds this factor favors granting the motion.

### 4. The Possibility of a Dispute Concerning Material Facts

Defendant has, albeit belatedly, denied many of the material allegations in the complaint and indicated that he would argue that his use of the trademark predates Plaintiff's. As such, this factor disfavors granting the motion.

### 5. Whether the Default was Due to Excusable Neglect

As this Court previously found, the default was the result of "culpable conduct" and a failure "failed to present a meritorious defense." (ECF No. 27 at 5.) This factor therefore favors granting the motion.

### *6. The Strong Policy Favoring Decisions on the Merits*

The last factor weighs in favor of denying the motion. While Defendant failed to timely respond to the complaint without a valid excuse, he did eventually file an answer in this case. As such, the general policy favoring a decision on the merits applies in this case.

### *7. Totality of the Factors*

In sum, the majority of the factors weigh in favor of granting the motion, and the Court will therefore grant the motion.

### CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Motion for Default Judgment (ECF No. 37) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff is awarded its reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1117(a) in the amount of $35,245.75.

IT IS FURTHER ORDERED that Defendant Wlodzimierz Jan Litwin shall be permanently enjoined from using Plaintiff's mark under Registration No. 4901953 for any purpose, commercial or otherwise. Defendant Litwin is also enjoined from the following: (1) using an EIN number under the trade name ETE ENV-TECH EUROPE CHEMICAL; (2) applying for or obtaining any accounts, property, or EIN numbers under any of the names "ENV-TECH," "EnvTech" or any similar spelling or formation of the names; (3) representing that he is an owner or shareholder of Plaintiff, Plaintiff's bank accounts or Plaintiff's patents, warehouses, or property; (4) applying for, opening or using bank accounts, registrations, or business accounts associated with or using the names "ENV-TECH," "EnvTech" or any similar spelling or formation of the names; and (5) requiring Defendant Litwin to close any bank accounts associated with "ENV-TECH," "EnvTech" or any similar spelling or formation of the names.

///

IT IS FURTHER ORDERED that Defendant Litwin shall be permanently enjoined from using Plaintiff's tradename or likeness, or any name similar to "EnvTech," for any purpose, commercial or otherwise.

IT IS FURTHER ORDERED that this Court retains jurisdiction over any matter pertaining to this order.

IT IS FURTHER ORDERED that the Clerk of the Court shall close the case and enter judgment in accordance with this order.

IT IS SO ORDERED.

Dated September 9, 2021.

_____
ROBERT C. JONES
United States District Judge